## COLUMBUS DENTAL MFG. CO. v. IDEAL INTERCHANGEABLE TOOTH CO.

(District Court, D. Massachusetts. August 18, 1922.)

No. 1283.

**Patents ⬡➡328—997,472, for artificial tooth, held not to involve invention.**

The Steele patent, No. 997,472, for an artificial tooth, supported by dowel and web in connection with angular surfaces on the plate and crown, and better adapted for standardization and interchangeability than any preceding tooth, *held* to involve merely mechanical ability, and not patentable invention.

In Equity. Suit by the Columbus Dental Manufacturing Company against the Ideal Interchangeable Tooth Company. Bill dismissed.

Edwin S. Clarkson, of Washington, D. C., and Emery, Booth, Janney & Varney, of Boston, Mass., for plaintiff.

Charles D. Woodberry and Roberts, Roberts & Cushman, all of Boston, Mass., for defendant.

MORTON, District Judge. The defendant's tooth is, practically speaking, a copy of the plaintiff's. The only difference between them, in the points here involved, is that the post and the recess for it are in the center of the plaintiff's tooth and in the buccal side of the defendant's; but there is no evidence that this change is functional or important, and no such claim is made by the defendant. The defendant has appropriated the idea of the patent.

The defenses are that the patent is invalid for lack of novelty and invention, and that the claims are not infringed. The use of dowels (or pegs) to retain the crown parts of teeth in position upon the natural root, or upon an artificial base, was old at the time of the application for the patent in suit; the use of such dowels in connection with slanting planes, engaging on the crown and base to strengthen the dowel against lateral stresses and assist in positioning and supporting the crown, was also old at that time. The use of a dowel in connection with a web or fin, integral with it and engaging a corresponding slot, was also old; but it had been applied only in a limited way, and to structures too complicated for successful practical use. Steele seems to have been the first to design a simple and practical artificial tooth supported by dowel and web, in connection with angular surfaces on the plate and crown, so formed that they could be accurately and easily finished and adapted to co-operate with the dowel and web to make a rigid fastening, capable of being standardized.

The Evslin construction, which involved baking a metallic sheath into a porcelain crown, and the Whiteside construction, with its complicated form and it flat pin, which, being no wider than the slot, did not assist in giving lateral support to the crown as effectively as the wider pin of Steele, were by no means the practical equivalents of Steele's simple and effective arrangement. This would be pretty evident upon a mere inspection of the devices; the proof is clinched by the large

extent to which the Steele tooth has gone into use and the close copy of it which the defendant has made.

It is said by the defendant, however, that the Steele patent represents nothing but a clever advance in construction; that Steele's paramount idea was to make an interchangeable tooth; that all he did was to redesign old devices, and use well-known principles of construction and standardization to accomplish his result; and that, however clever and meritorious such work might be, it was not invention. While the question is not free from doubt, I think that the defendant is right in these contentions. The crown shown in the Mitchell patent (No. 770,768, September 27, 1904) was positioned by two planes at an angle, and was held in place by them and a dowel near the angle extending into the centre of the tooth. It lacks only the web and slot to be Steele's construction. The use of a web in connection with a pin was old in the art. I do not think that a modification of the Mitchell device, by adding a triangular web between the pin and base, and making a corresponding slot in the crown to engage the web, amounted to invention. Nor did grinding one plane perfectly flat and standardizing the angle between the planes, and the location of the hole with reference to them, involve invention. There does not seem to me to be any inventive idea in the Steele patent. He used old ideas in designing a tooth which was better adapted for standardization and interchangeability than any which had preceded it. He made a valuable contribution to the dental art, but it was of a mechanical sort, and did not in my opinion involve patentable invention.

It is unnecessary to consider the defense of noninfringement.

Bill dismissed.